UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Joshua Latron Gallishaw**, # 251362, | ) | C/A No. 9:09-1923-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| **Mary S. Williams**, Assistant Attorney General, SC; | ) | |
| **Henry McMaster**, Attorney General SC; | ) | |
| **R. Ferrell Cothran, Jr.**, Chief Judge for Admin. Purposes, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff is an inmate at the Ridgeland Correctional Institution, part of the South Carolina Department of Corrections. The plaintiff is serving a sentence for eighteen (18) years for voluntary manslaughter, entered by the Court of General Sessions for Sumter County.

In the above-captioned case, the plaintiff has brought suit against an Assistant Attorney General, the Attorney General of South Carolina, and a South Carolina Circuit Judge. The plaintiff alleges that *Brady* material[1] and other evidence was withheld by the prosecution at "his Nov. 2000 Murder Trial." In his post-conviction case, Assistant Attorney General Williams noted that the plaintiff had not presented the alleged exculpatory evidence (a forensic report) with his application for post-conviction relief, and contended that it was uncertain when the test was performed and that it was impossible to determine whether the alleged report had any value. The

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963) (prosecutors must disclose exculpatory evidence to criminal defendants).



1

plaintiff contends that this action by the Office of the Attorney General deprived him of an opportunity to prove his innocence. The plaintiff also indicates that Judge Cothran "sided" with the Office of the Attorney General.

In his prayer for relief, the plaintiff seeks injunctive relief by granting him the "opportunity to present evidence of actual innocence by Forensic Analysis at an Evidentiary Hearing" within forty-five (45) days. The plaintiff also seeks a court order barring retaliation against him (the plaintiff) by the defendants.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). At the plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

2

(2nd Cir. 1975). However, even when considered under this less stringent standard, this § 1983 complaint is subject to summary dismissal. A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-CV-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009); and the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

First, Attorney General McMaster and Assistant Attorney General Williams are entitled to dismissal as party defendants because they enjoy prosecutorial immunity. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, 172 L.Ed.2d 706, 129 S.Ct. 855 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Moreover, prosecutorial immunity extends to the direct appeal and to the post-conviction case, which is at issue in the above-captioned case. *See Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (prosecutorial immunity extends to appeals). *Cf. Lowe v. Letsinger*, 772 F.2d 308, 314-15 & n. 7 (7th Cir. 1985); *Houston v. Partee*, 978 F.2d 362, 365-69 & nn. 3-4 (7th Cir. 1992).

As for the Defendant Cothran, South Carolina Circuit Judges are judges in the State of South Carolina's unified judicial system. *See In the Matter of Peeples*, 297 S.C. 36, 374 S.E.2d



3

674 (1988). As such, South Carolina Circuit Judge R. Ferrell Cothran, Jr., is immune from suit in the above-captioned civil rights action. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). *Accord Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges).

Finally, this federal court cannot through this lawsuit direct the Court of Common Pleas for Sumter County to hold an evidentiary hearing on the allegedly withheld forensic report. *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). Rather, to pursue the claim he is asserting, Plaintiff should seek relief in state court.[3]

## *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after

---

[3]It is noted that plaintiff had a prior habeas corpus action in this Court, *Gallishaw v. State of South Carolina, et al.*, Civil Action No. 0:05-2949-CMC-BM, that was decided by summary judgment.



4

docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

Bristow Marchant
United States Magistrate Judge

August 18, 2009

Charleston, South Carolina



## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

